## CORLEY AND OTHERS v. SHROPSHIRE.

1. When an interlocutory judgment by default, has been irregularly taken in an attachment suit against non-resident defendants, if they afterwards appear and plead to issue, the irregularity will be considered as waived, and is not a sufficient reason for the reversal of a judgment obtained against them on verdict.

Writ of Error to the Circuit Court of Tallapoosa County.

SHROPSHIRE sued out an attachment against Corley and several others, describing them as non-residents. At the return term, a judgment by default was taken, and the damages ordered to be assessed by a jury at the next term. At the next succeeding term, an order of publication was taken; but publication was to be made only in the event, it should be directed by the plaintiff. At the next term afterwards, a motion was made by the defendants, to set aside the judgment by default; but the transcript states, this motion was withdrawn. At a subsequent term, the parties appeared by attorneys, the death of Tarver, one of the defendants, was suggested, and the suit abated as to him. It was then tried on several issues, and a verdict found; on which judgment was given for the plaintiff.

The defendants prosecute this writ of error, and assigned as causes for reversal of the judgment of the Circuit Court.

1. That the notice by publication, required by the statute, was not given.

2. That the judgment by default was irregular.

3. That the judgment by default was rendered after plea pleaded.

4. That the order for publication was made after the default, and was conditional.

5. That the death of Tarver was suggested, and the suit abated as to him, after the judgment by default.

6. That no writ of inquiry was issued, or notice given.

7. That the final judgment does not pursue that which was interlocutory.

HEYDENFELDT, for the plaintiff in error.

GUNN, contra.

GOLDTHWAITE, J.—The object for which a publication is directed to be made, when an attachment is sued out against non-resident defendants, is to give notice of the pendency of the suit; and it stands in the place of the service of process in ordinary cases When the defendants appear voluntarily and contest the claim of the plaintiff, publication is then unnecessary, as its object is already attained.

The judgment by default in this case, was certainly irregular; but this irregularity was waived, as soon as the defendants appeared, and were permitted to plead to issue.

They have contested the claim of the plaintiff before a jury, and cannot now be permitted to allege, that they were not regularly in court.

The abatement of the suit as to Tarver, seems to be perfectly regular, and the suggestion was not controverted at the time.

There is no error in the record, and the judgment is affirmed.